**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>Jan N. Evola,<br><br>Debtor. | Case No.: 25-17633-ABA<br><br>Adv. No.: 26-1007-ABA |
| MAUREEN P. STEADY, AS CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>MARCO EVOLA,<br><br>Defendants. | Chapter: 7<br><br>Hearing: April 14, 2026<br><br>Judge: Andrew B. Altenburg, Jr. |

**MEMORANDUM DECISION**

Before this court is the Trustee's Motion for an Order (A) Striking Defendant's Amended Answer and Dismissing Counterclaims and (B) for Sanctions (Doc. No. 7) and the Defendant's Cross Motion to Dismiss the Trustee's Complaint and in Opposition to Plaintiff's Motion to Dismiss Counterclaims (Doc. No. 15). For all the reasons that follow the court grants the Trustee's Motion for an Order Striking Defendant's Amended Answer and Dismissing Counterclaims, denies the Trustee's request for sanctions, and denies the Defendant's Cross Motion to Dismiss Opposition to Plaintiff's Motion to Dismiss Counterclaims.

**JURISDICTION AND VENUE**

This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (C) and (O) and the court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334, 157(a), and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012 and June 6, 2025, referring all bankruptcy cases to the bankruptcy court. The record is now closed and pursuant to Federal Rule of Bankruptcy Procedure 7052, the court issues the following findings of fact and conclusions of law.

**BACKGROUND AND PROCEDURAL HISTORY**

On July 21, 2025 (the "Petition Date"), the Debtor Jan N. Evola filed a voluntary petition pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court.

Thereafter, the Trustee commenced this adversary proceeding on January 12, 2026, by filing a four-count complaint seeking to avoid and recover as a fraudulent transfer, pursuant to 11 U.S.C. §§544, 548, N.J.S. §§25:2-20. et seq. and/or 11 U.S.C. § 550, $30,000.00 transferred as a gift by the Debtor to her son Marco Evola (the "Defendant"). Doc. No. 1. The Trustee alleges that after reviewing the Debtor's schedules and the information obtained at the 341 Meeting the Trustee determined that the Debtor had transferred the sum of at least $30,000.00 to a title company for the benefit of her son, Marco Evola, for the purpose of enabling Marco to purchase a residence located at 236 Chestnut Street, Mount Holly, New Jersey (the "Property"). The Debtor received no ownership or other interest in the Property or any other consideration in exchange therefor." Doc. No. 1, ¶12. The Debtor executed a Gift Letter VA/FHA/Conventional dated January 3, 2025 (the "Gift Letter"), in which the Debtor certified that the $30,000.00 transfer was in fact a gift, "… that there is no repayment expected or implied on the Gift, either in the form of cash or by future services, and…that the funds given to the HomeBuyer [SIC] were not made available to donor from any person or entity with an interest in the sale property." Doc. No. 1-2. The Gift Letter contains an express warning that false statements made by the donor thereunder are punishable by a fine, imprisonment, or both. The Trustee provided further evidence of the transfer by attaching an image of a check drawn from the PNC Bank account of Jan Evola in the amount of $30,000.00 addressed to Sterling Title LLC. Doc. No. 1-1.

The Trustee advised the Defendant via letter that he was required to return the $30,000.00 which he received as a fraudulent conveyance. Defendant's counsel, who is also Debtor's counsel, advised the Trustee that there was an addendum to the sales contract that gave the Debtor an ownership interest in the property. Defendant's counsel provided an amended and unverified Schedule A/B to the Trustee asserting a 50% ownership interest in the property. The Trustee obtained a copy of the deed to the Property, and it reflected that the Defendant was the sole owner. Doc. No. 5-6.

The Defendant filed an Answer on February 13, 2026, asserting eight affirmative defenses. Doc. No. 4. The Trustee filed a Motion for an Order Striking Certain Affirmative Defenses Pursuant to F.R. Civ.P.12(f) (the "Motion to Strike Affirmative Defenses) on February 17, 2026. Doc. No. 5. The Defendant failed to file an opposition to the Motion to Strike. Instead, on March 11, 2026, the Defendant filed an Amended Answer and Counterclaims asserting eight affirmative defenses and three counterclaims against the Trustee and her counsel on behalf of both the Defendant and the Debtor. Doc. No. 6. The Amended Anwer purported to join the Debtor as counterclaim plaintiff. A hearing was held on March 17, 2026, and the Motion to Strike Affirmative Defenses was granted. Doc. No. 9.

On March 12, 2026, the Trustee filed the present Motion for an Order (A) Striking Defendant's Amended Answer and Dismissing Counterclaims and (B) for Sanctions (hereinafter "Second Motion to Strike") (Doc. No. 7). The Trustee argues that the Amended Answer and Counterclaims must be stricken because it was not timely filed and the counterclaims are barred by the *Barton* Doctrine. The Trustee further asserts the counterclaims should be dismissed pursuant to Rule 12(b) and because the Debtor was not properly joined. The Trustee seeks the imposition of sanctions pursuant to 28 U.S.C. § 1927 against Mr. Eric S. Landau, who represents the Defendant in this adversary and the Debtor in the main case, based upon egregious behavior in

both this adversary proceeding and the main case. The Trustee alleges that Mr. Landau's behavior has violated his duty of candor and has been vexatious and unreasonable.

The deadline to file an objection to the Second Motion to Strike was no later than April 7, 2026 at 11:59 p.m. The Debtor *once again* failed to file a timely opposition to the Trustee's Second Motion to Strike. Rather, Mr. Landau contacted the court via email at 7:41 p.m. on April 7, 2026, requesting permission to file his opposition to the Trustee's Section Motion to Strike on Friday, April 10, 2026. The court issued an order allowing defendant's counsel to file an opposition to the Second Motion to Strike on April 10, 2025, allowing the Trustee to file a sur reply by May 1, 2025, adjourning the hearing on the motion to May 5, 2026, and directing Mr. Landau to show cause why he should not be sanctioned in an amount no less than $500.00 along with the loss of ECF filing privileges due to his failure to timely file an opposition or in the alternative seek a proper adjournment. Doc. No. 14. On April 10, 2026, the Defendant filed a Cross-Motion to Dismiss the Trustee's Complaint and in Opposition to Plaintiff's Motion to Dismiss Counterclaims (the "Cross Motion"). Doc. No. 15.

The Trustee then filed a Certification in Opposition to Defendant's Cross Motion to Dismiss the Trustee's Complaint. Doc. No. 16. A hearing was held and concluded on Tuesday, May 5, 2026.

## DISCUSSION

First, the court will address the Trustee's Second Motion to Strike. The Trustee argues that the Amended Answer and Counterclaims should be stricken because it was not filed in a timely manner. The court agrees with the Trustee that the Amended Answer was not filed in a timely manner.[1] Federal Rule of Civil Procedure 15(a) provides for amendments before trial as follows:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a). Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts within the Third Circuit may utilize Rule 12(f) to strike unauthorized amendments to pleadings. *Abrams v. eResearch Tech., Inc.*, 703 F. Supp. 3d 593, 600 (E.D. Pa. 2023). Where a party fails to request a leave of court to file an amended pleading as required under Rule 15(a) of the Federal Rules of Civil Procedure, "[i]t is a nullity, and the court will not consider it." *Colbert v. City of Phila.*, 931 F. Supp. 389, 393 (E.D. Pa. 1996); *see also Bank of N.Y. Mellon v. Mazza*, 674 F. Supp. 3d 147, 154 (E.D. Pa. 2023) (striking amended answer pursuant to Rule 15 for failure

---

[1] The Defendant did not address the Trustee's argument that Amended Answer and Counterclaims were not timely filed.

to either obtain opposing counsel's consent, or permission of the court, or to file within the time period specified); *Garcia v. LA Cruda Mariscos Inc.*, No. 5:24-cv-01988-SSS-SHK, 2024 U.S. Dist. LEXIS 175265, at *21 (C.D. Cal. Sep. 23, 2024) ("Absent a showing of good cause, failure to comply with this [Rule 15(a)] will result in the Court striking the amended pleading.").

Under Rule 15(a)(1)(A), the Defendant could have filed the Amended Answer and Counterclaim within 21 days of the filing of the Answer on February 13, 2026, that is by March 6, 2026. Under Rule 15(a)(1)(B), The latest date by which a timely amended answer could have been filed without leave of court was March 10, 2026 — 21 days after the filing of the Motion to Strike on February 17, 2026. The Amended Answer and Counterclaims was not filed until March 11, 2026, and, therefore, is untimely. Further, the Defendant has not demonstrated good cause as to why he did not obtain the consent of opposing counsel, move the court for leave to file an amended answer, or file the Amended Answer and Counterclaims within the time period specified.[2]

No good cause has been demonstrated. Rather, only further demonstrations of Mr. Landau's repeated failure to abide by and/or ignorance of the Rules and deadlines exist. Accordingly, the Amended Answer and Counterclaims is stricken.[3]

Next, the court will address the Defendant's Cross Motion to Dismiss.[4] Count I of the Trustee's Complaint seeks to avoid and recover the transfer of $30,000.00 to the Defendant

---

[2] Mr. Landau appears to be unaware that the Motion to Strike Affirmative Defenses (Doc. No. 5) was granted by this court on March 17, 2026 (Doc. No. 9). Mr. Landau argues the Motion to Strike Affirmative Defenses became moot upon the filing of the Amended Answer and Counterclaims which superseded the Answer (Doc. No. 4). *See* Doc. No. 15-1 at 15. Mr. Landau is mistaken as the Amended Answer and Counterclaims was not timely filed it is a nullity, and, therefore, the Defendant failed to file any opposition to the Motion to Strike Affirmative Defenses. The court once again advises Mr. Landau that he should pay more careful attention to the docket and filing deadlines.

[3] Based on the court's decision to strike the Amended Answer and Counterclaims, the court will not address the applicability of the *Barton* Doctrine. Additionally, because the Court has issued an Order to Show Cause Why Eric S. Landau Should Not Be Sanctioned For Abuse of Procedures and Repeated Failure to Abide Deadlines in the main case, 25-17633-ABA (Doc. No. 120), the court will deny the Trustee's request for sanctions. The court will address the parties' arguments regarding the alleged joinder of the Debtor below.

[4] In filing the Cross Motion to Dismiss, defendant's counsel has (1) failed to comply with the Federal Rules of Civil Procedure, (2) the court's Local Rules of Procedure, and (3) ECF procedures. Because Defendant had already answered the Trustee's complaint the proper motion to file was a motion for judgment on the pleadings pursuant to Federal Rule 12(c). *Bhatt v. Comm'r of N.J. DOL*, Civil Action No. 3:16-cv-5654-BRM-DEA, 2018 U.S. Dist. LEXIS 159579, at *1 (D.N.J. Sep. 18, 2018) (It is procedurally improper for a defendant to file a motion to dismiss after filing an answer and such motion must be treated as a motion for judgment on the pleadings pursuant to Rule 12(c)). Further, Mr. Landau appended several exhibits to his motion which are outside the record. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56…."); *Pryor v. Nat'l Collegiate Athletic Ass'n.*, 288 F.3d 548, 560 (3d Cir. 2002) (in analyzing a motion to dismiss, a court may only consider the complaint and documents attached to it, and the legal arguments regarding the motion to dismiss). The court in its discretion may either convert the motion to dismiss to a motion for summary judgment or ignore the documents. *Crystal v. Batts*, CV JKB-14-3989, 2015 WL 5698534, at *1 (D. Md. Sept. 25, 2015) ("Federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.") (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (3d ed. 2004)). In this instance, the court will ignore the improperly appended documents for purposes of evaluating the Defendant's arguments that the

pursuant to 11 U.S.C. §§ 544, 548 and 550. Count II seeks to avoid transfer pursuant to 11 U.S.C. §544 and the UVTA, N.J.S.A. §§ 25:2-20, *et seq.* Count III seeks to recover the transfer or the value thereof pursuant to 11 U.S.C. § 550. Count VI seeks pursuant to 11 U.S.C. §§ 502(d) and 502(j) to disallow any claim or recovery by the Defendant from the Debtor's estate until the Debtor settles his obligation to the Trustee.

The Defendant argues that the Complaint should be dismissed pursuant to Federal Rule 12(b)(7) and Federal Rule of Bankruptcy Procedure 7019 because the Trustee failed to join the Debtor who is required party. The Defendant argues that joinder of the Debtor is necessary because her absence would prevent the court from providing relief among the existing parties or because the Debtor's interest in the subject matter may be impaired if the case proceeds without the Debtor. The Defendant argues the Debtor provided $30,000.00 to him so that she and her husband would have a home to live in, if or when, the Debtor and her husband were evicted from their residence. The Defendant asserts the Debtor's alleged interest in his property is directly intertwined with potential determinations this court must make regarding whether the Debtor received reasonably equivalent value for the transfer of the $30,000.00, whether the Debtor retained an equitable, possessory, or beneficial interest. in the property, and whether the transaction should be characterized as a gratuitous transfer. Doc. No. 15-1 at 6. The Defendant further argues that proceeding without the Debtor would create a substantial risk of inconsistent or incomplete adjudications because the court may be asked at some point in the future to determine the Debtor's rights in the same transaction, the nature of the transfer, or the economic reality of the housing arrangement. *Id.* Defendant further asserts that joinder is feasible as there is not a jurisdictional or service related obstacle and if the court proceeds without the Debtor the court would be required to make findings regarding her intent, financial condition, and receipt of value — issues that go to the heart of her rights—without affording her an opportunity to be heard. *Id.*

The Trustee counters that the Debtor is not an indispensable party as the fraudulent conveyance claims focuses on the transferee i.e., the Defendant and not the Debtor. The Trustee proffers that the Defendant has attempted to join the Debtor to circumvent the fatal flaw in his counterclaim against the Trustee. Specifically, the Trustee does not owe any duty to the Defendant as the Debtor's transferee.

Federal Rule of Civil Procedure 19 "sets out the circumstances under which it is necessary to join an absent party and, if joinder of that party is not feasible, the factors for determining whether the absent party is indispensable to the action." *US Tech Sols., Inc. v. eTeam, Inc.*, No. 17-1107, 2017 U.S. Dist. LEXIS 131469, 2017 WL 3535022, at *2 (D.N.J. Aug. 16, 2017). Under Rule 19, the burden is on the moving party to show that the absent party is both necessary and indispensable under Rule 19. *Id.* (citing *Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 635 F.3d 87, 97 (3d Cir. 2011)). A court must accept the factual allegations in the complaint as true and

---

Complaint fails to state a claim pursuant to Rule 12(b)(6). Mr. Landau also did not comply with the Local Rules because he failed to use required Local Forms, failed to reflect the time of the hearing, and failed to include a certificate of service or proposed order. *See* D.N.J. LBR 9013-1. Finally, Mr. Landau again failed to properly docket the Cross Motion to Dismiss by using an incorrect event code which resulted in the docket entry reflecting that the Cross Motion seeks summary judgment when the text of the pleading reflects no such request for relief. The Clerk's Office staff was required to make a docket note to correct Mr. Landau's deficiencies. *See* Docket No. 26-01007-ABA, Docket Note dated 4/13/2026.

view those allegations in the light most favorable to the non-moving party. *Adams v. DMG Invs., LLC*, Civil Action No. 21-17442, 2023 U.S. Dist. LEXIS 4905, at *21 (D.N.J. Jan. 10, 2023). A court is permitted to consider evidence outside the pleadings when making a determination pursuant to Federal Rule of Civil Procedure 19. *M&B IP Analysts, LLC v. Cortica-US, Inc.*, No. 19-429, 2020 U.S. Dist. LEXIS 108500, 2020 WL 3411027, at *2 (D.N.J. June 22, 2020) (citing *Mediterranean Shipping Co. (USA) Inc. v. Shandex Corp.*, No. 16-2595, 2017 U.S. Dist. LEXIS 43499, 2017 WL 1129593, at *2 (D.N.J. Mar. 23, 2017)).

The court's analysis must determine whether the absent party should be joined as a necessary party under Rule 19(a). *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007).  Rule 19(a) provides, in relevant part:

(a) Persons Required to Be Joined if Feasible.

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19.

The court concludes the Debtor is not a necessary party to the Trustee's litigation. The Debtor has filed bankruptcy under chapter 7 and all her non-exempt assets are to be administered by the Trustee.  The object of the adversary proceeding is to recover the $30,000.00 transferred by the Debtor to her son. Should the Trustee prevail in this adversary proceeding she will be entitled to collect $30,000.00 but she will not at that time gain an interest in the Defendant's property. Thus, complete relief could be granted to the Trustee and the Defendant without the Debtor being joined.[5] The court posits that if the Trustee is successful in her action, the Debtor would not have

---

[5] The court notes, if the Defendant is successful, the Debtor's alleged interest in the Defendant's property does not qualify as exempt property as it is not the Debtor's primary residence as evidenced by the Debtor's numerous filings in her main case, related adversary proceedings, and in the District Court asserting that her residence is 59 Stoneham Drive, Delran, NJ 08075. *See e.g.* Case 24-17633-ABA Doc. No. 1 at 2 (Petition).  The court would also like to note that it finds Mr. Landau's representation of both the Debtor and Defendant troubling as there appears to be a conflict of interest between the Debtor and the Defendant.

any interest in the Defendant's property and the Defendant would not be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Further, it is not necessary to join the Debtor so that she may be heard because the Debtor may be called as a witness at trial, provide a written testimony via certification, or deposition testimony.

The Defendant also argues that the Trustee's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for avoidance and failure to plausibly plead a recovery claim under 11 U.S.C. § 550. As noted above, the Cross Motion to Dismiss shall be treated as a motion for judgment on the pleadings. Pursuant to Rule 12(c), the movant for judgment on the pleadings must establish: (1) that no material issue of fact remains to be resolved; and (2) the entitlement to judgment as a matter of law. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). In resolving a motion made pursuant to Rule 12(c), the Court must view the facts in the pleadings and the inferences therefrom in the light most favorable to the non-movant. *See Rosenau*, 539 F.3d at 221. A motion for judgment on the pleadings is reviewed under the same standards that apply to a motion to dismiss made under Rule 12(b)(6). *See Szczurek v. Prof'l Mgmt. Inc.*, 627 F. App'x 57, 60 (3d Cir. 2015) (citing *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)).

The Defendant argues that the Trustee has failed to plausibly allege a claim for fraudulent transfer under section 544 or section 548 because the Trustee has not pled any facts showing that the Debtor received no value, or even less than reasonably equivalent value, in exchange for the challenged transfer. Doc. No. 15-1 at 7.  The Defendant bizarrely asserts that the gift of $30,000.00 was intended to secure her and her husband a place to live and, thus, the Debtor received value for the transfer. The court notes that Debtor's argument is based upon facts alleged by Mr. Landau but unsupported by a certification executed by either the Defendant or the Debtor. *See* D.N.J. L.B.R. 7007-1 ("Factual allegations presented in support of a motion must be contained in a sworn statement of the type referenced in 28 U.S.C. § 1746. The statement must be limited to facts within the personal knowledge of the signatory and attested to under penalty of perjury….").

Section 548(a)(1)(B) of the Bankruptcy Code, 11 U.S.C. § 548(a)(1)(B), provides:

(a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 544(b) enable the Trustee to also bring avoidance actions pursuant to state law and provides in relevant part:

(b)(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

The relevant provision of New Jersey's fraudulent conveyance statute essentially provides that a transfer is fraudulent:

a.  If the debtor made the transfer or incurred the obligation: . .

* * *

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(a) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

N.J.S.A. § 25:2-25(a)(2)(a) ("NJ UVTA").

Accepting as true all factual allegations in the Complaint and drawing all inferences from the facts alleged in the light most favorable to the Trustee, the court can draw a reasonable inference that the Trustee has adequately pled the misconduct alleged. The court concludes the Trustee has adequately alleged that $30,000.00 was transferred to the Defendant within two years of the bankruptcy filing. The Trustee has adequately pled that the transfer of $30,000.00 as gift to the Defendant, as evidenced by the Gift Letter, failed to provide adequate consideration to or for the benefit to the Debtor in consideration of the transfer, as a result of which the Debtor received less than a reasonably equivalent value in exchange therefore.  The Trustee has alleged that the Debtor is not listed on the deed as an owner. As a gift is given without expectation of repayment or consideration in return in any form, the Trustee has adequately pled that the transfer was made with the Debtor receiving either no value or less than equivalent value in exchange.

Next, the Defendant argues that the Trustee has failed to adequately plead that the Defendant was the initial transferee and thus a proper target for recovery under 11 U.S.C. 550(a). The Defendant argues that when examining claims under section 550(a) the Third Circuit applies the dominion and control test which questions whether the alleged transferee had legal dominion over the funds, meaning the right to put them to his own use because mere receipt of funds, participation in a closing, or involvement in a transaction does not by itself make a party the initial transferee. The Defendant contends the Trustee cannot satisfy section 550 merely by alleging that Defendant's name appears in the transaction or that title ultimately vested in him. Doc. No. 15-1 at 9-10.  Defendant further argues the Complaint does not plead facts showing that the transfer was made specifically for Defendant's benefit in the statutory sense, does not identify any antecedent debt owed by Defendant that was satisfied by the transfer, any obligation discharged for his benefit, or any other direct benefit of the kind courts have treated as sufficient under 11 U.S.C. § 550(a)(1). Next, the Defendant asserts that the Complaint does not plead factual allegation establishing a chain of transfer that demonstrates the Defendant was a subsequent transferee from the initial transferee to establish liability under Section 550(a)(2). Finally, the Defendant argues that the Trustee improperly conflates avoidance and recovery because title ownership, family involvement, or participation in the closing does not by itself establish that Defendant was the initial transferee, the statutory beneficiary, or a subsequent transferee under § 550. Doc. No. 15-1 at 11.  The Defendant asserts the Complaint does not allege facts showing that Defendant exercised dominion and control over the transferred funds, that he was the direct and intended beneficiary of the transfer within the meaning of § 550(a)(1), or that he received the transfer as an immediate or mediate transferee.

Section 550, 11 U.S.C. § 550, in relevant part, provides that:

(a) Except as otherwise provided in this section…trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

   (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

   (2) any immediate or mediate transferee of such initial transferee.

(b) The trustee may not recover under section (a)(2) of this section — from—

   (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or

   (2) any immediate or mediate good faith transferee of such transferee.

The court rejects the Defendant's arguments regarding section 550. The Defendant seems to have confused the motion for judgment on the pleadings and the summary judgment standards. The majority of the alleged deficiencies asserted by the Defendant go to whether the Trustee has

actually proven the requisite elements of section 550 not whether the Complaint has adequately alleged facts in support of the claim under section 550.

As discussed above, the Trustee has adequately plead claims under sections 544, 548, and NJ UVTA. Further, a reading of the complaints establishes that the Defendant is either an initial transferee or a mediate transferee of the Debtor pursuant to the Gift Letter. The Complaint states:

31. The Defendant is the person for whose benefit the Transfer was made, or the immediate or mediate transferee of the initial transferee which received the Transfer.

32. By reason of the foregoing, the Trustee is entitled to recover the value of the Transfer, including the proceeds and profits derived from such Transfer, pursuant to §550 of the Bankruptcy Code

Doc. No. 1 at ¶¶ 31-32. "Statements in a pleading may be adopted by reference in a different part of the same pleading...." Fed. R. Civ. P. 10(c); *see* Bankruptcy Rule 7010. Therefore, the Trustee has stated a cause of action under § 550 against the Defendant because the Trustee has pled all the essential elements of a cause of action under that provision. *See In re O.P.M. Leasing Services, Inc.,* 21 B.R. 986, 992-93 (Bankr. S.D.N.Y. 1982). The Complaint gives the Defendant notice of the nature of the Trustee's claims and is not so vague or ambiguous that the Defendant could not reasonably be required to frame a responsive pleading. *See Groves v. Phelps,* 32 B.R. 368, 369 (Bankr. S.D. Ohio 1983); *In re E. C. Ernst, Inc.,* 1 B.R. 262, 263–264 (Bankr. S.D.N.Y. 1979). Moreover, it cannot be stated with certainty that the Trustee is not entitled to relief under any set of facts which could be proved in support of the claims. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed 2d 652 (1972).

Accordingly, for all of the above reasons, the Defendant's Cross Motion is denied in its entirety.

## **CONCLUSION**

The court concludes that the Defendant's Amended Answer and Counterclaims must be stricken for failure to timely file a responsive pleading under Federal Rule of Civil Procedure 15. Accordingly, the court grant's the Trustee's Motion for an Order (A) Striking Defendant's Amended Answer and Dismissing Counterclaims. The court denies without prejudice the Trustee's Motion for Sanctions. The court further concludes that the Debtor, Jan N. Evola, is not an indispensable party to this litigation pursuant to Federal Rule of Civil Procedure 19 and denies the Defendant's motion to dismiss pursuant to Rule 12(b)(7). The court also concludes that the Trustee has adequately pled causes of action under 11 U.S.C. §§ 544, 548, NJ UVTA, and 11 U.S.C. § 550 and hereby denies the Defendants Cross Motion to Dismiss pursuant to Rule 12(b)(6).[6]

---

[6] To the extent that there are any other pending motions in this adversary proceeding, these motions will be held in abeyance until the court receives the court appointed mediator's report.